IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DANNY E. FRANS, | ) |
|    Plaintiff, | ) |
| v. | ) |
| | )   No. 14-cv-2521-SHL-dkv |
| NATIONSTAR MORTGAGE HOLDINGS, LLC d/b/a NATIONSTAR MORTGAGE, LLC, and SHAPIRO & KIRSCH, LLP, | ) |
|    Defendants. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss (the "Report and Recommendation"). (ECF No. 30.) *Pro se* Plaintiff Danny Frans ("Mr. Frans") sued Nationstar Mortgage Holdings, LLC, Nationstar Mortgage and Shapiro & Kirsch, LLP ("Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA") and Tennessee state law. (ECF No. 8.) In response, Defendants filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 26.) Mr. Frans failed to submit a reply to Defendants' Motion to Dismiss. The Magistrate Judge, upon review of the Motion to Dismiss, recommended this Court grant it. (ECF No. 30.) Mr. Frans submitted an objection to the Report and Recommendation (ECF No. 31), and Defendants filed responses to Mr. Frans's objection. (ECF Nos. 33, 34.) For the reasons discussed below, the Court ADOPTS the Report and Recommendation in its entirety. Accordingly, Defendants' Motion to Dismiss is GRANTED.

1

I.   STATEMENT OF THE CASE

There is no objection to the Magistrate Judge's Proposed Findings of Fact, and this Court accordingly adopts them.  (ECF No. 30 at 2-4.)

II.   STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of a motion to dismiss.  28 U.S.C. § 636(b)(1)(B).  "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985).  After reviewing the evidence, the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.  When neither party objects to the magistrate judge's factual or legal conclusions, the district court need not review those findings under a *de novo* or any other standard.  Thomas, 474 U.S. at 150.

III.   ANALYSIS

The Magistrate Judge's Report and Recommendation recommended that this Court grant Defendants' Motion to Dismiss on all three causes of action.  (ECF No. 30.)  Mr. Frans made nine separate objections (although it appears that he accidentally mis-numbered the objections such that they only represent eight paragraphs).  (ECF No. 31.)  This Court shall therefore review Mr. Frans' objections, in kind, under a *de novo* standard.

    A.  First Objection

Mr. Frans' first objection alleges that he never received Defendants' Motion to Dismiss until he received the Magistrate Judge's Report and Recommendation.  (ECF No. 31 at 2.)  This

objection is moot as it does not pertain to the Report and Recommendation itself. Moreover, the objection is without merit as Defendants submitted proof of timely mailing the Motion to Dismiss to Mr. Frans' home address – the same address where all other documents received by Mr. Frans have been sent. (ECF No. 33 at 1-2.)

B. Second Objection

Mr. Frans' second objection requests the acknowledgment of his right to trial by jury and his right to substantive due process of law. (ECF No. 31 at 2.)

A right to trial by jury requires an actionable claim or cause of action. See Parsons v. Bedford, Breedlove & Robeson, 28 U.S. 433, 446, 7 L. Ed. 732 (1830) (reciting that right to trial by jury parallels the right as it existed in 1789, requiring a proper cause of action to be invoked). Based on the pleadings, Mr. Frans has failed to state an actionable claim or cause of action and therefore is not entitled to a jury trial.

As to Mr. Frans' substantive due process objection, he has never alleged a violation of any rights by a government actor. U.S. Const. amend. XIV ("[N]or shall any **state** deprive any person of life, liberty, or property, without due process of law.") (emphasis added). Accordingly, Mr. Frans' second objection is without merit.

C. Third Objection

Mr. Frans' third objection states that he "sees no evidence the Defendants have provided a substantive answer to his verified complaint." (ECF No. 31 at 2.) Defendants submitted a Motion to Dismiss in response to Mr. Frans' Complaint. (ECF No. 26.) As discussed above, based on the certificate of mailing submitted by Defendants, this Court assumes that Mr. Frans properly and timely received Defendants' Motion to Dismiss. His third objection is therefore without merit.

### D. Fourth Objection (mislabeled #3 on Plaintiff's Objection)

Mr. Frans objects to the Magistrate Judge's "complete acceptance of Mortgage Electronic Registration Systems, Inc. (''MERS') [sic] ability to assign notes for 'America's Wholesale Lender (and its successors and assigns)…', as 'nominee' for America's Wholesale Lender." (ECF No. 31 at 3.)

The ability of MERS to assign the Note for America's Wholesale Lender (and its successor and assigns) is derived from the Deed of Trust executed by Mr. Frans and his wife. (ECF No. 8-5 at 2.) The Deed of Trust both names MERS as the nominee for America's Wholesale Lender (and its successors and assigns), and recites that the Note may be transferred one or more times without notice to Mr. Frans. Id. at 10. When an agreement between mortgagor and mortgagee expressly grants MERS the right to assign the underlying note, then any assignment by MERS shall be valid. Carmack v. Bank of New York Mellon, 534 F. App'x 508, 515 (6th Cir. 2013). This is so even if MERS does not own the note in question. Id. Therefore, this Court finds that the assignment was proper and Mr. Frans' fourth objection is unsuccessful.

### E. Fifth Objection (mislabeled #4 on Plaintiff's Objection)

Mr. Frans objects to Defendants' standing to foreclose on his home. (ECF No. 31 at 3.) Mr. Frans alleges that Defendants have admitted to being debt collectors, as opposed to creditors, and that debt collectors are proscribed from seizing collateral that has secured the note. Id. However, he cites to no provision of the FDCPA to support his claim. Moreover, it is common practice that "the mortgage follows the note." Kirby v. Bank of Am., N.A., No. 2:09-CV-182-DCB-JMR, 2012 WL 1601296, at *2 (S.D. Miss. May 7, 2012) ("Regarding the perhaps too

4

colloquially-worded rule of law that 'the mortgage follows the note,' Restatement of Property (Mortgages) § 5.4(c) words the concept this way: 'A mortgage may be enforced only by, or in behalf of, a person who owns the obligation the mortgage secures.'). Even assuming, *arguendo*, that no proper transfer of the mortgage was made, the valid owner of the Note is still entitled to enforce the interest which secures the note. Id. Because Defendants clearly and validly own the Note, this Court finds that they have standing to enforce the mortgage. Accordingly, Mr. Frans' fifth objection is without merit.

### F. Sixth Objection (mislabeled #5 on Plaintiff's Objection)

Mr. Frans objects to the Magistrate Judge's reliance on "photocopied documents and unverified testimony of counsel for the Defendants" in determining that no controversy exists. (ECF No. 31 at 3-4.) A magistrate judge, however, is entitled to consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, without converting the motion to one for summary judgment." Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001) (internal quotations and citations omitted). The court may also consider "documents that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." Amini, 259 F.3d at 502 (internal quotations and citations omitted).

All documents referred to by the Magistrate Judge fall exclusively within one of these categories: matters of public record or documents referred to in Plaintiff's complaint and then attached to Defendant's Motion to Dismiss. Therefore, Mr. Frans' sixth objection fails.

### G. Seventh Objection

Mr. Frans "demands Equal Protection under the law." (ECF No. 31 at 4.) Mr. Frans has never made an allegation of government impropriety; therefore, the Equal Protection Clause is

inapposite. U.S. Const. amend. XIV ("No **State** shall . . . deny to any person within its jurisdiction the equal protection of the laws.").

        H. Eighth Objection

Mr. Frans' ultimate objection takes issue with the Report and Recommendation in light of the fact that Mr. Frans is a *pro se* plaintiff. (ECF No. 31 at 4.) It is true that *pro se* complaints are to be held to a more lenient pleading standard than otherwise; this leniency notwithstanding, it is neither the job nor the place of the court to act as an advocate for *pro se* plaintiffs. See, e.g., Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating that "[n]either this court nor the district court is required to create Payne's claim for her"); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Here, Mr. Frans has failed to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, Mr. Frans relies on conclusory, verbose statements in his Complaint, devoid of factual allegations necessary to support a plausible claim. Even though Mr. Frans is a

*pro se* plaintiff, it would not be proper for this Court to remedy the major defects in his Complaint.

IV.	CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is ADOPTED. Defendants' Motion to Dismiss is hereby GRANTED.

**IT IS SO ORDERED,** this 8th day of September, 2015.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE
